(101 So. 918)

WASHINGTON v. STATE.　(2 Div. 326.)

(Court of Appeals of Alabama.　Nov. 11, 1924.)

Intoxicating liquors ⊂⊃238(2)—On admission of possession of parts of still, refusal of general charge held proper.

In prosecution for possessing still, on admission by accused of possession of parts of still and denial of possession for purpose of manufacturing liquor, refusal of general charge was proper, question being for jury.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Ed Washington was convicted of possessing a still, and he appeals. Affirmed.

George O. Miller, of Livingston, for appellant.

The defendant was not shown to be unlawfully in possession of a still, and he was entitled to the general affirmative charge. Pate v. State, 19 Ala. App. 243, 96 So. 650; Wilson v. State, ante, p. 62, 100 So. 914; Rowe v. State, ante, p. 119, 101 So. 91; Adams v. State, 18 Ala. App. 143, 90 So. 42; Guin v. State, 19 Ala. App. 67, 94 So. 788; Gamble v. State, 19 Ala. App. 82, 95 So. 202; Farmer v. State, 19 Ala. App. 560, 99 So. 59; Dabbs v. State, ante, p. 167, 101 So. 220; Gay v. State, 19 Ala. App. 238, 96 So. 646.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The general charge for defendant was properly refused. Crumley v. State, 18 Ala. App. 105, 91 So. 924.

SAMFORD, J. Parts of a still suitable for manufacturing whisky were shown to have been found in the possession of defendant in the county and within three years before the finding of the indictment. The defendant admitted possession of the articles testified to by the sheriff as being parts of a still, but denied that he possessed them for the purpose of manufacturing whisky. This made the question one for the determination of the jury and therefore the general charge as requested by defendant was properly refused.

There is no error in the record, and the judgment is affirmed.

Affirmed.